UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACINTO TARON ROBINSON,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>        Respondent. | No.  1:22-cv-01369-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION<br><br>(Doc. 1)<br><br><u>TWENTY-ONE DAY DEADLINE</u><br><br>Clerk of Court to assign District Judge |

      Petitioner, a federal prisoner incarcerated at FCI Mendota, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 26, 2022.  (Doc. 1).  The matter is referred to the undersigned pursuant to Local Rule 302(c)(16).  A preliminary screening of the petition reveals that it should be dismissed for lack of jurisdiction because, based on the relief sought therein, it is properly construed as a petition under 28 U.S.C. § 2255 which, if permissible, must be filed in the sentencing court. Petitioner does not meet the requirements of the "escape hatch" provision in 28 U.S.C. § 2255(e), which would allow him to proceed here under 28 U.S.C. § 2241.

/ / /

/ / /

1

**BACKGROUND**

**A. Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491.

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**B. Procedural and Factual Background**

Petitioner asserts in the petition that he was convicted and sentenced in the Middle District of Alabama for carjacking and aiding and abetting, and brandishing a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 924(c)(1)(a)(ii), respectively. Petitioner asserts that following his sentencing, he appealed and thereafter filed a Section 2255 petition alleging ineffective assistance of counsel, which was denied.

The Court takes judicial notice of the public court records in Petitioner's underlying criminal case. *See* Fed. R. Evid. 201(b)(2); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). The docket in *United States v. Jacinto Taron Robinson*, Case No. 3:16-cr-00083-

---

[1] The Rules Governing Section 2254 Cases ("2254 Rules") may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Rule 1 of the Rules Governing Section 2254 Cases. Separately, the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus to the extent not otherwise inconsistent with the 2254 Rules or federal statute, and so long as the practice in those proceedings has previously conformed to the practice of civil actions. Fed. R. Civ. P 81(a)(4).

2

MHT-TFM (M.D. Ala.) confirms that Petitioner was convicted and sentenced on November 10, 2016, to a total term of 15 years for the two offenses noted above. (Docs. 234, 238). On December 8, 2017, the Eleventh Circuit in a per curiam, unpublished opinion affirmed Petitioner's convictions and sentence. 718 Fed. Appx. 829 (11th Cir. 2017). And on November 18, 2021, the district court denied Petitioner's Section 2255 petition. Case No. 3:18-cv-01008-LSC-CSC (M.D. Ala.), Docs. 23-25.

### C. Current Petition

Under the guise of this instant § 2241 petition, Petitioner seeks relief under the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). (Doc. No. 1). Specifically, Petitioner relies on *Taylor* to argue that he is actually innocent of his carjacking and firearm brandishing convictions and that he has not had an unobstructed procedural shot to present these claims short of this petition.

## APPLICABLE LAW AND ANALYSIS

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by using the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id.* This provision permits a federal prisoner to challenge his confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2002). To demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an "unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021). A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent

3

AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).

In determining whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)). "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim." *Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1047-48 (9th Cir. 2011)). To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060.

In first considering whether or not Petitioner had an unobstructed procedural shot to raise his present *Taylor* claim before filing the instant § 2241 petition, the Court is satisfied that Petitioner is unable to raise his claim through a second or successive § 2255 petition in the sentencing district. Specifically, a prisoner may not bring a second or successive § 2255 motion in district court unless the court of appeals certifies that it is based on either (1) newly discovered evidence sufficient to cast in doubt the petitioner's guilt, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). Here, Petitioner's claim is based on the Supreme Court's decision in *Taylor*, which did not create a new rule of constitutional law retroactively applicable. *E.g.*, *Whitaker v. Hudson*, 2022 WL 17822515, *1 (D. Kan. Dec. 6, 2022) ("the Supreme Court's decision in *Taylor* involving the interpretation of a federal statute does not provide a basis for filing a successive Section 2255 petition" (citing 28 U.S.C. § 2255(h)). *But see Agee v. Warden, FCI Mendota*, 2022 WL 17490283, *2 (E.D. Cal. Nov. 10, 2022) (recommending denial of § 2241 claim based on *Taylor* because petitioner had not shown he previously sought and was denied authorization to file a second or successive § 2255 motion).

4

*Taylor* held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) because "[w]hatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery" only requires the government to show "an intention to take property by force or threat, along with a substantial step toward achieving that object." 142 S. Ct. at 2020 (emphasis in original).  The "substantial step," the Supreme Court reasoned, need not include the use, attempted use, or threatened use of force.  *Id*. at 2020-21.  Thus, because attempted Hobbs Act robbery is not a crime of violence, it cannot serve as the predicate crime to liability under 18 U.S.C. § 924(c).

As to his first count of conviction (carjacking and aiding and abetting), the holding in *Taylor* concerning attempted Hobbs Act robbery has no applicability.  Nothing in *Taylor* either changed the elements of carjacking or undermined the viability of aiding and abetting as a theory of liability.  Thus, Petitioner cannot show that he lacked an "unobstructed procedural shot" at presenting this claim because the intervening court decision on which he relies (*Taylor*) did not change the law in a way material to his carjacking conviction.  *Allen*, 950 F.3d at 1190.

As to his second count of conviction (brandishing a firearm during a crime of violence and aiding and abetting), the Court infers Petitioner's argument to be as follows: just as the Supreme Court held in *Taylor* that *attempted* Hobbs Act robbery does not qualify as a "crime of violence" under Section 924(c), neither can *aiding and abetting* carjacking serve as the predicate crime for Petitioner's 924(c) conviction.

But aiding and abetting is not a standalone criminal offense distinct from the substantive crime of violence.  *See Young v. United States*, 22 F.4th 1115, 1122-23 (9th Cir. 2022) ("a person who aids or abets armed bank robbery falls, like a principal, within the scope of the definition of the underlying offense and is deemed to have committed a crime of violence under § 924(c)'s elements clause.").  That is why numerous district courts have rejected attempts like Petitioner's here to import *Taylor's* holding regarding attempted crimes of violence into cases involving aiding and abetting theory.  *E.g*., *United States v. Hines*, 2022 WL 17835508, *2 (S.D. Tex. Dec. 21, 2022) (because defendant was convicted of aiding and abetting and not attempted a Hobbs Act robbery, "*Taylor's* holding does not apply"); *Spataro v. United States*, 2022 WL 16964966,

*3 n.4 (E.D.N.Y. Nov. 16, 2022) (noting that after *Taylor*, "the conviction of a substantive crime of violence through an aiding and abetting theory remains a valid § 924(c) predicate in [the Second] circuit"), *not. of appeal filed*.² Thus, Petitioner cannot show that he lacked an "unobstructed procedural shot" at presenting his claim because the intervening court decision on which he relies (*Taylor*) did not change the law in a way material to his conviction.³

## CONCLUSIONS AND RECOMMENDATION

For the reasons discussed, Petitioner has failed to demonstrate this Court possesses jurisdiction over his "escape hatch" claim and, accordingly, the Court will recommend that the Petition be dismissed with prejudice.

Based on the foregoing, the Court DIRECTs the Clerk of Court to assign a District Judge.

The Court FURTHER RECOMMENDS that Petitioner's escape hatch claim pursuant to 28 U.S.C. § 2241 be DISMISSED WITH PREJUDICE.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  <u>Within twenty-one days</u> after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 24, 2023**                    _____
                                                                                UNITED STATES MAGISTRATE JUDGE

---

² *United States v. Luong*, 2022 WL 17477095, *3-4 (N.D. Cal. Dec. 6, 2022) (same); *United States v. Jordan*, 2022 WL 4543700, *4 (W.D.N.C. Sept. 28, 2022) (same), *not. of appeal filed*; *United States v. Feliciano-Estremera*, 2022 WL 4357235, *3 (D.N.J. Sept. 20, 2022) (same), *not. of appeal filed*.

³ Because *Taylor* has no applicability here, Petitioner likewise fails in his reliance on that case to purportedly satisfying the "actual innocence" prong under the escape hatch. *See Shepherd*, 54 F.4th at 1076.